IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                             CRIMINAL NO. 1:15cr60 HSO-JCG

SHERRIE BOX BENNETT
JERRY DEAN BENNETT

**GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL**

Defendants Sherrie Box Bennett and Jerry Dean Bennett are charged in an eleven count indictment alleging they conspired to distribute and dispense oxycodone, oxymorphone, hydrocodone and alprazolam outside the scope of professional practice and that they did distribute and dispense those substances outside the scope of professional practice.

**FACTS**

For some period of time pre-dating the dates of this conspiracy defendant, Sherrie Box Bennett, was the nurse for Dr. Laurence Lines.   Dr. Lines was the standing physician at the Cedar Lake Oncology Center in Biloxi, Mississippi.

Dr. Lines has been in decline since approximately 2006 and as his dementia increased, he was increasingly controlled by his nurse, Sherrie Bennett.   These allegations involve the distribution, under Dr. Lines' signature, of prescriptions of controlled substances to each of the defendants and to numerous family members who were not patients of Dr. Lines or the clinic.

Both defendants have been represented since arraignment by one lawyer, Calvin Taylor. The government has conducted plea negotiations with him on behalf of both defendants.   Very

recently the government was informed that the Bennetts intended to exercise their right to trial.

At that point, what had remained a potential conflict, became more acute and the government makes this motion to disqualify counsel from representing either party at trial. Defendants' waiver today will undoubtedly be their ineffective assistance of counsel argument tomorrow.

Recognizing that Sherrie Bennett is considerably more culpable because of her role in the offense and her position with Dr. Lines, differing plea offers were made to each defendant in return for their cooperation.

## LAW

The determination of whether to disqualify counsel from multiple representation when criminal defendants do not themselves object to the multiple representation, juxtaposes a Sixth Amendment right to counsel of their choice against their Sixth Amendment right to effective representation. But were it simply such a balance of defendants' rights, after proper inquiry, defendants could effectively waive such a conflict. As the Fifth Circuit noted in United States v. Guerrero, 546 F.3d 328, 333 (5th Cir. 2008), *quoting* Wheat v. United States, 486 U.S. 153, 160 (1988), however, "Guerrero's waiver of conflicts of interest will certainly operate to waive his rights, but it will not stop this court or district courts from 'ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'"

The standard of review for a District Court's decision whether to disqualify counsel is abuse of discretion. Id. at 332-333.

There are serious issues that arise when counsel seeks to simultaneously represent multiple

persons in connection with the same criminal case.   The opportunities for conflict in the multiple representation of such clients are obvious:   For example, to the extent that evidence develops suggesting that clients had varying degrees of involvement in the conduct, counsel may be compromised in his ability to meaningfully draw distinctions relating to the disparate roles of his clients. See, e.g., Holloway v. Arkansas, 435 U.S. 475, 490 (1978) (conflict may prevent attorney from arguing "the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another").   In fact, that is certainly the case here where Mr. Bennett played a significantly lesser role than Mrs. Bennett.   As a further illustration, if one client has information implicating the other client, it may very well be in the first client's interest to enter into an arrangement with the Government to testify  against the second client.   In such an event, counsel would be in the untenable position of seeking to represent one client in an effort to cooperate against another client. See, e.g., United States v. Mahar, 550 F.2d 1005, 1008 (5th Cir. 1977) (client placed "in the unacceptable position of having his own attorney help the Government procure witnesses against him").   See generally Vega v. Johnson, 149 F.3d 354, 357 (5th Cir. 1998), cert. denied, 119 S.Ct. 899 (1999) ("[m]ultiple representation occurs when an attorney represents multiple parties with conflicting interests, possibly influencing him to reject a strategy that would produce optimal results for one client, in order to improve results for another"). This is certainly the case here where either client could testify against the other and cooperation agreements have been offered to counsel for either defendant.

    There are also issues that may arise regarding the limits that a lawyer may face in conducting cross-examination when the attorney is representing multiple persons involved in the same case. See, e.g., United States v. Soudan, 812 F.2d 920, 927 (5th Cir. 1986), cert. denied,

481 U.S. 1052 (1987).   There are obviously many other opportunities for conflict that are "notoriously hard to predict, even for those thoroughly familiar with criminal trials." Wheat v. United States, 486 U.S. 153, 162-63 (1988).

The Fifth Circuit has been especially alert to conflicts that develop at trial.   As the Court has said: "When a defendant has been able to show that his counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance, constitutional error has occurred, and prejudice is inherent in the conflict." United States v. Newell, 315 F.3d 510, 516 (5th Cir. 2002).   Our Southern District judges also have been vigilant in avoiding potential conflicts of interest. See, e.g., United States v. Carver, 114 F.Supp. 2d 519, 521-22 (S.D. Miss. 2000) (disqualifying counsel entirely based on effort to represent multiple defendants).

Under circumstances that are so ripe for conflicting loyalties, a lawyer must seriously consider the potential for conflict in such multiple representation. See Mississippi Rules of Professional Conduct Rule 1.7 (prohibiting conflicts of interests between clients).

CONCLUSION

For these reasons, defendants' counsel should be disqualified from representing either defendant.

January 28, 2016.

>GREGORY K. DAVIS.
>United States Attorney
>
>BY: /s John Meynardie
>JOHN A. MEYNARDIE
>Assistant United States Attorney
>1575 N. 20th Street
>Gulfport, MS 39501
>Mississippi Bar No. 9912

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing pleading has been electronically delivered through ECF to the following counsel:

>All counsel of record

This the 28th day of January, 2016.

>/s John Meynardie
>JOHN A. MEYNARDIE
>Assistant United States Attorney